UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MACE LEE McGREW, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-08-CA-221-OG (NSN) |
| PHILIP A. KAZEN, JR., | § | |
| and | § | |
| MARGARET G. MONTEMAYOR, | § | |
| | § | |
| Defendants | § | |

## SHOW CAUSE ORDER

Before the Court is Plaintiff Mace Lee McGrew's 42 U.S.C. § 1983 Civil Rights Complaint.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

Plaintiff's Complaint asserts Defendant Kazen, a state district judge, falsified the date on a court order and that Defendant Montemayor transmitted that order to the Texas Court of Criminal

Appeals, in violation of Plaintiff's constitutional right to due process.  Plaintiff sues Defendants in their individual capacity.  He seeks declaratory and injunctive relief and damages.

Plaintiff alleges the following.  He filed a habeas corpus application pending in state court on October 11, 2006, to which the State of Texas responded on October 13, 2006.  On December 6, 2006, a deputy clerk informed Plaintiff that the judge had not entered any orders.  Plaintiff filed a petition for writ of mandamus in the Texas Court of Criminal Appeals.  On March 7, 2007, the Court of Criminal Appeals ordered that the habeas corpus application or a timely filed order designating issues be sent to that court.  Plaintiff contends Defendant Kazen, Judge of the 227th District Court of Bexar County, Texas, then prepared an order designating issues but dated it October 30, 2006.  Plaintiff maintains Defendant Kazen gave the order to Defendant Montemayor, the Bexar County District Clerk, and directed her to forward it to the Court of Criminal Appeals.  Plaintiff asserts Defendant Montemayor forwarded the order to the Court of Criminal Appeals knowing the order was false and untimely.

*Plaintiff's Complaint is frivolous, fails to state a claim for federal civil rights relief under § 1983, and seeks relief from an immune defendant, and therefore is subject to dismissal for the following reasons:*

Defendant Kazen is absolutely immune from suit.  It is well-established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted).  In determining whether a judge acted in the clear absence of all

jurisdiction, the question is whether the judge had some subject-matter jurisdiction. "Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) (citation omitted).

In Texas, an application for writ of habeas corpus for a final felony conviction is filed in the convicting court. Tex. Code Crim. Proc. art. 11.07 § 3(b). Within thirty-five days (twenty days after the state's fifteen days in which to answer), the convicting court must decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07 § 3(c). If there are no such issues, the matter is forwarded to the Court of Criminal Appeals. *Id*. If the convicting court decides there are such controverted, previously unresolved facts, the court must enter an order designating the issues of fact to be resolved. The order designating issues must be filed within thirty-five days after the application is filed. *Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex. Crim. App. 2000); *McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992).

Under Texas law, a district judge has subject-matter jurisdiction over habeas corpus applications. A district judge has subject-matter jurisdiction to enter orders designating issues in those cases. Here, Plaintiff alleges Defendant Judge Kazen erred in entering the order. Regardless of whether his alleged action was in error, was done maliciously, or was in excess of his authority, Defendant Kazen did not take a judicial action in the clear absence of all jurisdiction. Therefore, Defendant Kazen has absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. at 356-57; *Ballard v. Wall*, 413 F.3d at 517.

Defendant Montemayor is similarly immune. Court clerks are cloaked with judicial immunity when acting as required to under a court's order or at a judge's direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981). Plaintiff

alleges Defendant Kazen gave the signed order designating issues to Defendant Montemayor to forward to the Court of Criminal Appeals, and he alleges Defendant Kazen directed Defendant Montemayor to forward it to that court.  Under these alleged facts, Defendant Montemayor is immune.  *Clay v. Allen*, 242 F.3d at 682.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible.  *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989).  **Therefore, within twenty (20) days of this Order's entry Plaintiff shall show cause why his civil rights Complaint should not be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) by filing an amended § 1983 complaint curing these deficiencies.**  Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1).  *If Plaintiff fails to respond to this Show Cause Order this case shall also be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)*.  *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED on May 8, 2008.**

*(signature)*
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**